Eastern District of Kentucky
F I L E D

FEB 20 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| STEVEN MARTIN DELANEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J.C. STREEVAL, Warden, ) <br> ) <br> Respondent. ) <br> ) | Civil No. 0:19-017-HRW <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Steven Martin Delaney is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Delaney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Delaney's petition.

In 2013, Delaney pled guilty to distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). *See United States v. Delaney*, No. 1:13-cr-019 (S.D. Ind. 2013). The trial court sentenced Delaney to 188 months in prison. *See id.* at D. E. No. 55. Delaney then unsuccessfully sought relief under 28 U.S.C. § 2255. *See id.* at D. E. No. 71.

Delaney has now filed a § 2241 petition with this Court. [D. E. No. 1]. Delaney argues, among other things, that (1) "FBI agents, and other unknown

1

officials, and my court-appointed public defender, violated my constitutional rights while I was being prosecuted for my crime;" (2) he was denied his "constitutional rights allowed the Court to lose its jurisdiction;" (3) "FBI agents violated my Fourth Amendment by conducting a warrantless arrest;" and (4) "my *Miranda* rights were never read to me which resulted in me self-incriminating myself, in violation of my Fifth Amendment." [D. E. No. 1 at 3-5]. These are just a few of the arguments that Delaney puts forth in his petition. [D. E. No. 1 at 5-9; D. E. No. 1-1 at 10-26]. Ultimately, Delaney asks this Court to dismiss his underlying criminal case with prejudice. [D. E. No. 1-1 at 26].

As an initial matter, Delaney waived his right to collaterally attack his underlying conviction and sentence. Indeed, Delaney specifically said in his plea agreement that he "expressly agrees not to contest the conviction or sentence or the manner in which it was determined in *any* collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255." *See United States v. Delaney*, No. 1:13-cr-019 at D. E. No. 31 at 8. (S.D. Ind. 2013) (emphasis added). This broad waiver precludes the arguments that Delaney makes in this case. After all, "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *see also Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013); *Combs v. Hickey*, No.

2

5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). In short, Delaney is barred from collaterally attacking his underlying conviction and sentence in his habeas petition.

That said, even if Delaney's collateral attack waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his conviction and sentence. While a federal prisoner may challenge the legality of his conviction and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Delaney cannot use a § 2241 petition as a way of challenging his underlying conviction and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was

improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Delaney has not made such a showing. Instead, Delaney is asserting arguments that would have only been proper in a § 2255 motion and, again, only if he had not waived his collateral-attack rights. Simply put, Delaney's arguments are not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Delaney's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 20th day of February, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

4